1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12

DARRELL CHRISTOPHER HARDIN,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

13
14
15
16
17

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 15-02596-JEM

MEMORANDUM OPINION AND ORDER
REVERSING DECISION OF THE
COMMISSIONER OF SOCIAL SECURITY

18

## PROCEEDINGS

19      On December 21, 2015, Darrell Christopher Hardin ("Plaintiff" or "Claimant") filed a

20  complaint seeking review of the decision by the Commissioner of Social Security

21  ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance

22  benefits and Supplemental Security Income ("SSI") benefits.  The Commissioner filed an

23  Answer on April 12, 2016.  On October 3, 2016, the parties filed a Joint Stipulation ("JS").  The

24  matter is now ready for decision.

25      Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

26  Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"),

27  the Court concludes that the Commissioner's decision must be reversed and this case

28

1  remanded for further proceedings in accordance with this Memorandum Opinion and Order and
2  with law.

3                                          **BACKGROUND**

4          Plaintiff is a 57-year-old male who applied for Social Security Disability Insurance
5  benefits and Supplemental Security Income benefits on February 16, 2012, alleging disability
6  beginning September 30, 2010.  (AR 24.)  The ALJ determined that Plaintiff had not engaged in
7  substantial gainful activity since September 30, 2010, the alleged onset date.  (AR 26.)
8          Plaintiff's claims were denied initially on June 26, 2012, and on reconsideration on
9  December 4, 2012.  (AR 24.)  Plaintiff filed a timely request for a hearing, which was held
10 before Administrative Law Judge ("ALJ") Tamara Turner-Jones on June 14, 2013,[1] in Moreno
11 Valley, California.  (AR 24.)  Plaintiff appeared and testified at the hearing and was represented
12 by counsel.  (AR 24.)  Vocational expert ("VE") Gloria J. Lasoff also appeared and testified at
13 the hearing.  (AR 24.)
14         The ALJ issued an unfavorable decision on June 13, 2014.  (AR 24-35.)  The Appeals
15 Council denied review on October 26, 2015.  (AR 1-4.)

16                                       **DISPUTED ISSUES**

17         As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a
18 ground for reversal and remand:

19         1.      Whether the ALJ properly considered Mr. Hardin's age at Step Five of the
20                 sequential analysis?

21                                     **STANDARD OF REVIEW**

22         Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether
23 the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.
24 Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

25

26         [1]  Following the hearing, the record was held open for the Claimant to submit additional
27 medical evidence.  Additional evidence was received and entered into the record.  The ALJ
   indicated that she carefully read and considered all the evidence in the record regardless of
28 whether it was specifically cited in the decision.  (AR 24.)

1   (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and

2   based on the proper legal standards).

3          Substantial evidence means "'more than a mere scintilla,' but less than a

4   preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

5   Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

6   reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

7   401 (internal quotation marks and citation omitted).

8          This Court must review the record as a whole and consider adverse as well as

9   supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

10  evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

11  upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

12  "However, a reviewing court must consider the entire record as a whole and may not affirm

13  simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

14  (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

15  F.3d 625, 630 (9th Cir. 2007).

16                                **THE SEQUENTIAL EVALUATION**

17         The Social Security Act defines disability as the "inability to engage in any substantial

18  gainful activity by reason of any medically determinable physical or mental impairment which

19  can be expected to result in death or . . . can be expected to last for a continuous period of not

20  less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

21  established a five-step sequential process to determine whether a claimant is disabled. 20

22  C.F.R. §§ 404.1520, 416.920.

23         The first step is to determine whether the claimant is presently engaging in substantial

24  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

25  in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

26  140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or

27  combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

28  significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

1    determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

2    Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment

3    meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen,

4    482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the

5    claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

6    2001).  Before making the step four determination, the ALJ first must determine the claimant's

7    residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can

8    still do despite [his or her] limitations" and represents an assessment "based on all the relevant

9    evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the

10   claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

11   416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

12        If the claimant cannot perform his or her past relevant work or has no past relevant work,

13   the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

14   claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

15   869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

16   consistent with the general rule that at all times the burden is on the claimant to establish his or

17   her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

18   by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

19   other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

20   a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

21   demonstrating that other work exists in significant numbers in the national economy that the

22   claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

23   § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

24   entitled to benefits.  Id.

25                                **THE ALJ DECISION**

26        In this case, the ALJ determined at step one of the sequential process that Plaintiff has

27   not engaged in substantial gainful activity since September 30, 2010, the alleged onset date.

28   (AR 26.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: lumbar sprain/strain with underlying spondylosis; traumatic chondromalacia of both knees; and obesity.  (AR 26-27.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 27.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday with customary breaks; sit 6 hours in an 8-hour workday with customary breaks; occasionally kneel, stoop, crawl, and crouch; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; he would have no restrictions on the use of the upper extremities for fine or gross manipulations; he would be able to perform both detailed and complex tasks; he would be able to interact and respond appropriately to coworkers, supervisors, and the general public; and he would be able to sustain concentration and attention, persistence and pace in at least two hour intervals to complete a normal workday.

(AR 27-33.)  In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here.  (AR 29.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a pipefitter.  (AR 33.)  The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of production inspector, production worker, and packing machine operator.  (AR 34-35.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 35.)

**DISCUSSION**

Plaintiff Darrell Christopher Hardin contends that the ALJ in her June 13, 2014 decision failed to consider that Plaintiff was but 5 days short of his 55th birthday when he would become an individual of "advanced age" under 20 C.F.R. § 404.1563(c).  The Court agrees.  Thus, the ALJ's step five determination that Plaintiff can perform work in the national economy is not supported by substantial evidence.

The Court cannot say the error was harmless.  Plaintiff contends that, if he had been treated as a person of advanced age, he would be considered disabled under Rule 202.06 of the Medical-Vocational Guidelines ("grids").  20 C.F.R. Part 404, Subpart P, Appendix 2.  The Commissioner disagrees and argues Plaintiff would be found not disabled under Rules 202.07 and 202.08.  The record, which was not fully and fairly developed, is inadequate to determine whether the ALJ's error was harmless.

Reversal and remand is therefore required.

**A.      Relevant Federal Law**

Age must factor into an ALJ's disability decision.  Section 1563(a) ("we will consider your chronological age in combination with your residual functional capacity, education and work experience"); Durkee v. Astrue, 2012 WL 3150587, at *6 (C.D. Cal. Aug. 2, 2012).  The Medical Vocational Guidelines factor in age by putting people in three age categories: younger person (under age 50), person closely approaching advanced age (age 50-54) and person of advanced age (age 55 and older).  Section 1563(c) through (e); Lockwood v. Comm'r Soc. Sec. Adm., 616 F.3d 1068, 1071 (9th Cir. 2010).  These age categories, however, are not applied in a rigid manner.  Section 1563(b) provides:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all factors of your case.

6

1    The Ninth Circuit in <u>Lockwood</u>, 616 F.3d at 1068, has made clear how ALJs are to apply

2    § 1563 in borderline age situations.  <u>Lockwood</u> held that there is no requirement that the ALJ

3    explain in his or her written decision why an older age category was not utilized in the disability

4    analysis, but the ALJ is required by regulation to "consider" whether to use an older age

5    category in a borderline situation.  <u>Id.</u> at 1070.  The Ninth Circuit found that the ALJ satisfied

6    the consideration requirement in <u>Lockwood</u> because: (1) the ALJ mentioned Plaintiff's age as

7    of the date of decision, (2) the ALJ cited § 1563 prohibiting mechanical application of age

8    categories in a borderline situation, and (3) the ALJ evaluated the overall impact of all the

9    factors in the claimant's case by relying on the testimony of a vocational expert.  <u>Id.</u> at 1071-72.

10   Two cases in this District have reversed ALJ decisions in which the above consideration criteria

11   were not satisfied.  <u>Durkee</u>, <u>supra</u>; <u>Parks v. Colvin</u>, 2015 WL 8769981, at *5 (C.D. Cal. Dec. 14,

12   2015).

13       **B.   Analysis**

14       Claimant was 51 years old on the alleged disability onset date of September 30, 2010.

15   (AR 24, 34.)  The hearing in this case occurred on June 14, 2013.  (AR 24.)  A year later on

16   June 13, 2014, the ALJ issued a decision denying Plaintiff's claims for benefits.  (AR 35.)  The

17   ALJ found that Plaintiff could perform a reduced range of light work.  (AR 27.)  The ALJ,

18   however, determined that Claimant could not perform his past relevant work as a pipefitter.

19   (AR 33.)  The ALJ classified Plaintiff as a person closely approaching advanced age on the

20   alleged disability onset date.  (AR 34.)  At step five of the sequential process, the ALJ

21   concluded, based on the testimony of the vocational expert, that Plaintiff could perform work in

22   the national economy.  (AR 35.)  Accordingly, the ALJ determined that Claimant was not under

23   a disability from September 30, 2010, through the date of the decision on June 13, 2014.  (AR

24   35.)

25       The ALJ, however, failed to consider whether to use the next higher age category, that

26   of a person of advanced age.  First, unlike in <u>Lockwood</u>, the ALJ mentioned Claimant's age of

27   51 years old only as of the alleged onset date of September 30, 2010.  (AR 34.)  By the date of

28   the decision on June 13, 2014, however, Plaintiff was 54 years old and 5 days short of being an

7

1  individual of advanced age.  As noted in Durkee, 2012 WL 3150587, at *7, the ALJ's reference

2  to Plaintiff's age on the alleged onset date does not provide the same persuasive value as

3  would a reference to it on the date of the decision, particularly here when the date of the

4  decision was four years after the alleged onset date.  See also Campbell v. Astrue, 2011 WL

5  1459168, at *3-4 (E.D. Cal. April 15, 2011) (distinguishing Lockwood because the ALJ

6  "improperly" referenced alleged onset date rather than the date of the decision).

7        Second, the ALJ's reference to § 1563 in the decision was not a cite to the borderline

8  regulation in § 1563(b).  The Court believes that the ALJ's reference to § 1563 pertains to

9  Plaintiff's classification as a person closely approaching advanced age in § 1563(d).  (AR 34.)

10  At best, the reference to § 1563 is unclear as to whether the ALJ considered Plaintiff's

11  borderline age situation.  See Durkee, 2012 WL 3150587, at *7.

12        Third, the VE most assuredly did not consider the borderline age situation.  At the

13  hearing on June 14, 2013, the ALJ, in posing a hypothetical question to the VE regarding work

14  someone like Plaintiff could do in the national economy, asked the VE to make this

15  assumption:

16              Assume the existence of an individual who was 51 years old as of the

17          alleged onset date.

18  The ALJ never posed a question to the VE based on any later date nor was there any

19  consideration of whether Plaintiff was in a borderline age situation.  Indeed, there was no

20  reason to consider Plaintiff's age a borderline issue at the time of the hearing on June 14,

21  2013, because Plaintiff was not within a few days or a few months of the older age category at

22  that time.  The VE never had any basis for believing there was a borderline age situation at that

23  time.  Nearly a year later at the time of the June 13, 2014 ALJ decision, however, Plaintiff was

24  but 5 days from his 55th birthday.  Thus, the ALJ's finding that, based on the VE's testimony,

25  someone of Plaintiff's age could perform work in the national economy (AR 34), is not

26  supported by substantial evidence.

27        The Court concludes that the ALJ failed to consider whether Plaintiff should have been

28  considered as a person of advanced age.  Plaintiff contends that the ALJ's error is not

1   harmless.  Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055-56 (9th Cir. 2006)

2   (error to be harmless must be inconsequential to the ultimate nondisability determination.)

3   Plaintiff asserts that, if he were treated as a person of advanced age, he would be considered

4   disabled under Rule 202.06 of the Medical-Vocational Guidelines.

5       The Commissioner disputes Plaintiff's contention that he would be considered disabled

6   at age 55.  The Commissioner argues that Plaintiff has a history of skilled work as a pipefitter

7   for 30 years with vocational education from 2000 to 2006 (AR 447, 196) that may provide direct

8   entry into skilled work.  Thus, the Commissioner says Plaintiff would have been found not

9   disabled under Rule 202.08, if the borderline age issue had been considered by the ALJ.  The

10   problem with the Commissioner's harmless error contention, however, is that it puts forth the

11   sort of consideration of the borderline age issue that the ALJ should have undertaken but failed

12   to do.  This Court is constrained to review only the reasons and evidence advanced by the ALJ.

13   Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  Because of the ALJ's one year delay in

14   issuing a decision, moreover, Plaintiff had no reason to raise the borderline age issue at the

15   June 14, 2013 hearing and was deprived of the opportunity to present evidence and testimony

16   on his capacity to perform other skilled work.  Thus, the ALJ did not develop the record fully

17   and fairly.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

18       The Commissioner also contends that Plaintiff would be found not disabled under Rule

19   202.07 if he has transferrable skills.  There is no way to evaluate this contention because the

20   ALJ found that transferability of job skills was immaterial to the determination of disability.  (AR

21   34.)

22       The Commissioner goes too far in asserting that the ALJ's decision was correct as of the

23   date of the decision because Plaintiff had not yet turned 55.  Plainly, the point of § 1563(b) is

24   that in a borderline situation the ALJ will consider whether to use the older age category after

25   evaluating the overall impact of all the factors in the case.

26       The ALJ failed to consider Plaintiff's borderline age, which was error.  Plaintiff and the

27   Commissioner disagree on whether the error is harmless.  The record is inadequate to make a

28   determination of whether the ALJ's error was harmless.  The Commissioner has the burden of

proof at step five to prove that Claimant may perform other gainful activity.  <u>Lounsbury</u>, 468 F.3d at 1114.  The Commissioner has not sustained that burden.

The ALJ's step five determination that Plaintiff can perform work in the national economy is not supported by substantial evidence.  Thus, the ALJ's nondisability determination is not supported by substantial evidence nor free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: <u>October 21, 2016</u>                    <u>          */s/ John E. McDermott*          </u>
                                                                    JOHN E. MCDERMOTT
                                                                    UNITED STATES MAGISTRATE JUDGE